NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
JOHN J. SWAFFORD (State Bar No. 321174)
John.Swafford@McNamaraLaw.com
McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF PITTSBURG; BRIAN ADDINGTON; WILLIAM HATCHER; and CORY SMITH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHTON PORTER, individually and GIANNA PORTER, INDIVIDUALLY,<br><br>        Plaintiffs,<br><br>   vs.<br><br>CITY OF PITTSBURG, a municipal corporation; BRIAN ADDINGTON, in his individual capacity as a law enforcement officer for the PITTSBURG POLICE DEPARTMENT; ERNESTO MEJIA-OROZCO, in his individual capacity as a law enforcement officer for the PITTSBURG POLICE DEPARTMENT; WILLIAM HATCHER, in his individual capacity as a law enforcement officer for the PITTSBURG POLICE DEPARTMENT; CORY SMITH, in his individual capacity as a law enforcement officer for the PITTSBURG POLICE DEPARTMENT; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. C24-03179 CRB<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**<br><br>Date:  September 6, 2024<br>Time:  10:00 a.m.<br>Dept:  Courtroom 6, 17th Floor(USDC - SF)<br>Judge: Hon. Charles R. Breyer |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) – C24-03179 CRB

# NOTICE

PLEASE TAKE NOTICE that on September 6, 2024 at 10:00 a.m., or as soon thereafter as this matter can be heard, in the United States District Court Northern Districts, Defendants, CITY OF PITTSBURG, BRIAN ADDINGTON, WILLIAM HATCHER and CORY SMITH ("Defendants") will and do move to dismiss portions the Complaint filed by ASHTON PORTER and GIANNA PORTER ("Plaintiffs"). This motion is made pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6) as Plaintiff GIANNA PORTER's ("Gianna") failure to state a claim as to Plaintiffs' Seventh Cause of Action, Negligent Infliction of Emotional Distress and is also barred by the statute of limitations upon which relief can be granted. This motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Noah G. Blechman, and all pleadings and papers on file in this action and any documents of which the Court may take judicial notice, and upon such further oral or written argument as may be presented at the time of the hearing or otherwise considered by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This civil lawsuit arises out of the lawful shooting of Plaintiff Mr. Ashton Porter after 20 hours of de-escalation, crisis negotiation efforts and various forms of less-lethal intermediate force by the Pittsburg Police Department (PPD) on February 24, 2022. Facially, Plaintiff Gianna's Negligent Infliction of Emotional Distress (NIED) claim should be dismissed as being time barred exceeding the two-year statute of limitations. Plaintiffs did not file their Complaint in this matter until May 28, 2024, two years, three months and four days after the February 24, 2022 incident. While the tolling statues applied to Mr. Porter, Gianna was not arrested and thus there are no tolling statues afforded her, as such her claim exceeded the statute of limitations. Further, Gianna has not sufficiently plead the Seventh Cause of Action, NIED, in the Complaint (ECF 1) **Exhibit A**, Complaint. Gianna was only remotely present, not immediately present, awaiting in the hotel lobby on the ground floor for hours, she had no visual observation of the lawful intermediate and/or lethal force options employed to overcome Mr. Porter's violent uncontrollable aggression and resistance towards the officers on the fourth floor of the hotel. Notably, Gianna while on the first floor (lobby

1  area) did not observe the incident with Mr. Porter directly, nor did she hear any shots fired from
2  the officers' weapons - lethal or less-lethal, Gianna only heard the hotel fire alarm as she was
3  escorted to a PPD patrol vehicle.  Pending the investigation, Gianna was taken to the PPD where
4  she was timely provided information as to the status of Mr. Porter's welfare.  It is unquestionably
5  clear that Gianna failed to plausibly satisfy the essential elements of NIED, she ultimately was not
6  present on the fourth floor when the use of force incident occurred – Gianna was on first floor in
7  the hotel lobby during the incident and there no facts in the Complaint that she even heard any type
8  of gunfire.  Based on the facts of the Complaint the Court cannot reasonably infer that Defendants
9  are liable to Gianna for NIED.  Indeed, the Court need not look any further then the statute of
10 limitations to warrant a dismissal, Gianna's failure to state a claim for NIED also supports a
11 dismissal of her action and any further leave to amend would only but be futile.

## II. RELEVANT FACTS

Plaintiffs allege the following: On February 23, 2022, Plaintiff Ashton Porter was experiencing a mental health crisis while staying at the Hampton Inn located at 1201 California Ave, in Pittsburg. Exh. A, at ¶ 18.  The Hotel staff called 911, reporting that Mr. Porter would not exit his hotel room and was yelling for help. *Id.*  Pittsburg Police Department officers arrived at the hotel and attempted to gain Mr. Porter's compliance, he resultantly barricaded himself in his hotel room. *Id.* at ¶ 19.  In response to Mr. Porter barricading himself in his hotel room, the fourth floor of the Hampton Inn was evacuated of all the civilian personnel. *Id.* at ¶ 20.  Members of the PPD Crisis Intervention Team, along with the Contra Costa County Mobile Crisis Response team arrived at the hotel with a few hours to aid in communications with Mr. Porter. *Id.* at ¶25.

Gianna arrived at the hotel where she was permitted to talk with Mr. Porter through his closed hotel door for a few minutes, Mr. Porter did not exit his hotel room at the time, and she was then directed to wait in the hotel lobby on the first floor.  *Id.* at ¶ 34.  On February 24, 2022, at approx. 8:00 a.m., after, 20 hours of PPD officers attempting to gain Mr. Porter's compliance, the officers deployed hot gas into Mr. Porter's hotel room through a breach in the common wall an adjoined hotel room. *Id.* at 49.  As Mr. Porter exited his hotel room, the officer discharged two rubber bullets and deployed lethal force, Mr. Porter was struck two times by lethal rounds. *Id.* at

48-51. Mr. Porter was hospitalized and survived his gunshot wounds. *Id.* at 52.

Gianna was located in the hotel lobby, on the first floor, at the time of the shooting incident. *Id.* at 54. When the fire alarm sounded, Gianna was escorted to a PPD patrol vehicle were she was transported to the PPD. *Id.* While at the PPD, Gianna waited for updates from the officers as to the status of Mr. Porter. *Id.* Mr. Porter was arrested and taken into custody. *Id.* at 53; 58.

### III. LEGAL STANDARDS

#### 1. FRCP 12(b)(6)

A statute of limitations defense may be raised in a Rule 12(b)(6) motion only if the running of the statute is apparent on the face of the complaint. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). "Dismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (internal citations omitted). "Where a party alleges in a motion to dismiss that an action is barred under the statute of limitations, the court's task is only to determine whether the claimant has pleaded facts that show it is time barred." *Joe Hand Promotions Inc. v. Gonzalez*, 423 F. Supp. 3d 779, 782 (D. Ariz. 2019).

A complaint may be dismissed under FRCP 12(b)(6) as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984). <u>To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face</u>." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added). While this pleading standard does not require detailed factual allegations, it does demand more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Bell Atl. Corp v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

<u>A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.</u> *Iqbal*, 556 U.S. 662, 679-80 (2009). Where the pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled

to relief. *Id.* Conclusions are not entitled to the assumption of truth and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC,* 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

### 2. Dismissal Without Leave to Amend

A court may deny leave to amend where amendment is futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Leave to amend is not warranted if an amendment would be futile because the pleading could not possibly be cured by the allegation of other facts. *Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995) (denying leave to amend where plaintiff had failed to state a claim for defamation); see also *Conway v. Geithner*, 2012 WL 1657156 *2 (N.D. Cal. 2012) (denying leave to amend in case of absolute immunity because the amendment would be futile.).

## IV. LEGAL ARGUMENTS

### A. Mrs. Porter Negligent Infliction of Emotional Distress is Time Barred

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir 2010). In California, the statute of limitation bars a claim for the negligent infliction of emotional distress unless filed within two years of the infliction of injury. *Van Osten v. Home Depot USA*, Inc., 2023 U.S. App. LEXIS 34165, *6 (9th Cir 2023); Cal Code Civ Proc § 335.1.

On May 28, 2024, two years, three months, and four days after February 24, 2022, Plaintiffs

1  filed a Complaint for damages. Mr. Porter filed a timely Complaint under section 945.3 of the
2  Government Code[1]. However, the tolling applicable to Mr. Porter does not apply to Gianna; she
3  was not charged with a crime. *Rivas v. Cal. Franchise Tax Bd.*, 619 F. Supp. 2d 994, 1001 (2008)
4  (claims not tolled for plaintiff with no criminal charges pending; motion to dismiss granted).
5  Indeed, Gianna failed to file a Complaint on or before February 24, 2024, resultantly her cause of
6  action is time barred by the statute of limitations and justifies a dismissal by the Court. However,
7  should the Court deem Gianna's action is not time barred; she also has failed to state a cognizable
8  claim for Negligent Infliction of Emotional Distress.

### B. Mrs. Porter Failed to State a Claim for Negligent Infliction of Emotional Distress

The Supreme Court of California, in *Thing v. La Chusa*, 48 Cal. 3d 644 (1989), has established a three-part test that must be satisfied for a plaintiff to state a cause of action for "bystander" negligent infliction of emotional distress. *Campanano v. California Medical Center*, 38 Cal. App. 4th 1322, 1328 (1995). In the absence of physical injury or impact to the plaintiff himself, damages for emotional distress should be recoverable only if the plaintiff:

(1) Is closely related to the injury victim;

**(2) Is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and**

(3) As a result suffers emotional distress beyond that which would be anticipated in a disinterested witness.

*Campanano v. California Medical Center*, 38 Cal. App. 4th 1322, 1328 (1995); *Thing v. La Chusa* (1989) 48 Cal. 3d 644, 647 (1989). (emphasis added). **In the absence of immediate presence at the injury-producing event, recovery is precluded.** *Id*. (emphasis added). The emotional distress must occur as a result of a plaintiff's presence at the injury-producing event and contemporaneous

---

[1] On February 28, 2022, Ashton was charged with four felony counts of PC 245(c) Assault Upon a Peace Officer or Firefighter, one felony count of PC 594(a) Vandalism over $400 Damage, and one misdemeanor count of PC 602(o) Trespass and Refusing to Leave. The court allowed Aston to participate in a mental health diversion program as an alternative to a conviction, and the criminal case was dismissed on May 6, 2024. From February 28, 2022, to May 6, 2024, the statute of limitations was tolled for Ashton. Cal Gov Code § 945.3. Per Section 945.3, only about 26 days (4 days after the incident, the criminal charges were filed, and 22 days after the dismissal of the criminal charges, he filed his Complaint) of the two years had run for Ashton Porter.

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS PURSUANT TO RULE
12(B)(6) – C24-03179 CRB

awareness that the event is causing injury to the victim. *Id*. A plaintiff may not recover for all emotional distress suffered as a result of the victim's injury. *Id*. Instead, the plaintiff may recover only for the emotional distress suffered as a result of plaintiff's presence at the injury-producing event and the contemporaneous awareness that the injury was being suffered. *Id*. See also *Ochoa v. Superior Court*, 39 Cal. 3d 159, 165 (1985) (actual observation of the event is required; merely being informed is insufficient); *Krouse v. Graham*, 19 Cal. 3d 59 (1977) ("direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence."); *Aldaco v. Tropic Ice Cream Co.*, 110 Cal. App. 3d 523 (1980) ("the plaintiff's emotional shock must necessarily occur at the time [plaintiff] observes the injury.")

     Here, Gianna has failed to satisfy the elements of NIED and resultantly failed to state a cognizable claim as to the same. Gianna is closely related to Mr. Porter being that she is his wife, this is not at issue. However, what is at issue is the fact that Gianna was not immediately present during the use of force incident with Mr. Porter. Gianna was only briefly on the fourth floor where she spoke with Mr. Porter through his closed hotel room door, in an attempt to de-esclate the situation – no force options were deployed by the officers while Gianna was present at Mr. Porter's hotel door. Gianna efforts were not fruitful and ultimately failed to gain Mr. Porter's compliance to exit his hotel room. Indeed, for Gianna's safety, she was removed from the volatile scene on the fourth floor with Mr. Porter and escorted to the lobby on the first floor where she was requested to remain. While she was on the first floor hotel, the shooting incident involving Mr. Porter occurred, there are no facts in her Complaint that she observed or even heard the discharge of any firearm whether that being a lethal or less-lethal type firearm. Per Gianna's Complaint, the hotel fire alarm was triggered, she fails to discuss any further as to the cause and/or circumstances that may of lead to the fire alarm sounding. Simply, when the fire alarm was sounding, Gianna was escorted from the hotel lobby and placed in a patrol vehicle where she was transported to the Pittsburg Police Department. While at the PPD, Gianna was provided information as to Mr. Porter's status. There are no facts the Gianna even observed Mr. Porter being escorted out of the hotel to the ambulance, or observed emergency medical services rendering Mr. Porter medical – she failed to discuss these

1 various aspects because Gianna was not immediately present for the force incident and nor was she present for Mr. Porter's transport to the hospital, she was at the PPD. Gianna has failed to allege any facts to satisfy the essential elements of Negligent Infliction of Emotion Distress, nor can she if further leave to amend was granted.

## V. CONCLUSION

Based on the foregoing, Gianna's NIED should be dismissed as being time barred and/or for failure to state a plausible claim. As such, should the Court grant leave to amend as demonstrated above, the facts regarding Gianna's cause of action will not deviate from the already filed Complaint and would only be a futile exercise.

The undersigned attests that permission in the filing of this document(s) has been obtained from the signatory below, which shall serve in lieu of the actual signatures on the document(s).

Dated: August 1, 2024        MCNAMARA, AMBACHER, WHEELER,
                             HIRSIG & GRAY LLP


                             By:    /s/ Noah G. Blechman
                                   Noah G. Blechman
                                   John J. Swafford
                                   Attorneys for Defendants
                                   CITY OF PITTSBURG; BRIAN ADDINGTON;
                                   WILLIAM HATCHER; and CORY SMITH